UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE ANDERSON, | No. 2:23-cv-2779 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| C. BABCOCK, et al., | |
| Defendants. | |

Pending before the undersigned are plaintiff's post-judgment motions to appoint counsel and proceed in forma pauperis. ECF Nos. 12, 13.[1]

I. <u>Background</u>

Plaintiff is a state prisoner proceeding without counsel. He commenced this action, which will be referred to here as "<u>Anderson I</u>", on November 30, 2023, by filing a civil rights complaint seeking relief under 42 U.S.C. § 1983. On December 30, 2023, the court ordered plaintiff to submit an in forma pauperis affidavit or pay the required fees within thirty days or risk a recommendation for dismissal. ECF No. 3. On January 24, 2024, after plaintiff failed to respond, the undersigned issued findings and recommendations recommending that the action be dismissed without prejudice. ECF No. 6. On February 2, 2024, the court received plaintiff's application to

---

[1] The district judge referred these motions to the undersigned pursuant to Local Rule 302(a). <u>See</u> ECF No. 14; E.D. Cal. L.R. 302(a).

1

1 proceed in forma pauperis. ECF No. 7. The findings and recommendations were subsequently
2 vacated. ECF No. 8.

3     Meanwhile, on March 29, 2024, plaintiff resubmitted his complaint and application to
4 proceed in forma pauperis. Because neither document included the case number for this case, the
5 Clerk of the Court opened a new case, No. 2:24-cv-0977 KJM DMC P (E.D. Cal.) ("Anderson
6 II"). Review of the complaints and in forma pauperis application form reveal that they are
7 identical in substance. The only identifiable difference between the complaint in the instant case
8 and that in Anderson II is that the complaint in Anderson II is signed and dated, and the only
9 identifiable differences between the applications to proceed in forma pauperis are the signature
10 dates, the inmate statement report dates, and that the certificate is partially filled out in the instant
11 case. Anderson I, ECF Nos. 1, 2; Anderson II, ECF Nos. 1, 2.

12     In the instant case, unaware of Anderson II, the undersigned ordered plaintiff on May 29,
13 2024 to file a signed complaint within thirty days. ECF No. 8. The court warned that failure to
14 comply would result in a recommendation that this action be dismissed. Id. at 2. Several months
15 later, on December 19, 2024, after plaintiff failed to respond, the undersigned issued findings and
16 recommendations recommending that the action be dismissed without prejudice and gave plaintiff
17 fourteen days to file objections. ECF No. 9. On January 27, 2025, after the time to file
18 objections had passed, the district judge adopted the December 19, 2024, findings and
19 recommendations, denied as moot the motion to proceed in forma pauperis, dismissed the action
20 without prejudice, and ordered the case closed. ECF No. 10.

21     In the meantime, the complaint in Anderson II has been screened and served and the case
22 has proceeded into discovery. Anderson II, ECF Nos. 10, 19.

23     Recently, plaintiff filed a motion to appoint counsel and motion to proceed in forma
24 pauperis in the instant case. ECF Nos. 12, 13. In the motion to appoint counsel, plaintiff argues
25 that appointment is necessary because (1) plaintiff cannot read or write, (2) plaintiff has the
26 comprehension of a third grader, (3) the inmate who was helping plaintiff with the case has been
27 released from custody, and (4) there is a likelihood that plaintiff will prevail on the merits since
28 ////

1 the court found that he had sufficiently stated claims against the defendants.  ECF No. 12 at 1-5,
2 8, 9.
3   II.    Discussion
4         As an initial matter, the court notes that the complaint in the instant case was never
5 screened because it was never filed with a signature.  Accordingly, plaintiff's reference to the
6 facial sufficiency of his claims suggests that he may have intended to file the instant motions in
7 Anderson II.
8         To the extent plaintiff is attempting to reopen Anderson I by seeking appointment of
9 counsel, the court declines to do so because plaintiff "has no right to maintain two separate
10 actions involving the same subject matter at the same time in the same court and against the same
11 defendant," MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013).
12 Generally, in this district, when a duplicative case is filed, the later-filed action is dismissed as
13 duplicative, and the claims proceed in the earlier-filed action.  However, because this case was
14 dismissed even before screening could be completed, and the court has already screened and
15 served the complaint in Anderson II and discovery has been underway for months, the court will
16 deny the motion to appoint in this case as moot and direct the Clerk of the Court to file the motion
17 to appoint counsel in Anderson II.  See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th
18 Cir. 2012) (citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007))
19 ("[A] district court has broad discretion to control its own docket, and that includes the power to
20 dismiss duplicative claims."); Adams, 487 F.3d at 688, overruled on other grounds by Taylor v.
21 Sturgell, 553 U.S. 880, 904 (2008) ("After weighing the equities of the case, the district court
22 may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending
23 resolution of the previously filed action, to enjoin the parties from proceeding with it, or to
24 consolidate both actions.").  Because this case will remain closed, the motion to proceed in forma
25 pauperis will be vacated as moot.
26         Plaintiff is advised that this case, Anderson v. Babcock, Case No. 2:23-cv-2779 TLN AC
27 P was dismissed and closed on January 27, 2025, and the case will remain closed.  Plaintiff's First
28 Amendment retaliation claims against defendants C. Babcock, J. Fisk, and K. Estupinan will

proceed in <u>Anderson v. Babcock</u>, Case No. 2:24-cv-0977 KJM DMC P.  Future filings relating to plaintiff's claims against C. Babcock, J. Fisk, and K. Estupinan, unless they are intended as a new lawsuit based on new facts, should be properly labeled with the case name <u>Anderson v. Babcock</u> and the Case No. 24-cv-0977 KJM DMC P before plaintiff mails them to the court for filing.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (ECF No. 13) is VACATED as moot.

2. The Clerk of the Court is directed to file the motion to appoint counsel (ECF No. 12) in <u>Anderson v. Babcock</u>, Case No. 2:24-cv-0977 KJM DMC P.

3. This case remains closed.

DATED: May 12, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE